NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 18 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50085 |
| Plaintiff-Appellee, | D.C. No. 2:14-cr-00338-SJO |
| v. | |
| ROOSEVELT SUMPTER, a.k.a. T-Dog, a.k.a. Tu Tu, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Submitted May 15, 2018**

Before:    SILVERMAN, BEA, and WATFORD, Circuit Judges.

Roosevelt Sumpter appeals from the district court's judgment and challenges

his guilty-plea convictions and 240-month sentence for conspiracy to engage in

racketeering activity, in violation of 18 U.S.C. §§ 1962(d) and 1963; conspiracy to

traffic narcotics, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846;

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

distribution of controlled substances in or near a school, in violation of 21 U.S.C. § 860; and possession of a firearm in furtherance of a crime of violence and/or a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). Pursuant to *Anders v. California*, 386 U.S. 738 (1967), Sumpter's counsel has filed a brief stating that there are no grounds for relief, along with a motion to withdraw as counsel of record. We have provided Sumpter the opportunity to file a pro se supplemental brief. No pro se supplemental brief or answering brief has been filed.

Sumpter waived his right to appeal his convictions, with the exception of an appeal based on a claim that his pleas were involuntary. Our independent review of the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 80 (1988), discloses no arguable grounds for relief as to the voluntariness of Sumpter's pleas. We therefore affirm as to that issue and dismiss the remainder of the appeal of his convictions.

Sumpter also waived the right to appeal most aspects of his sentence. We dismiss Sumpter's sentencing appeal as to those aspects of his sentence that are covered by the waiver and affirm as to all other issues except as to the three supervised release conditions, standard conditions five, six, and fourteen, which are unconstitutionally vague. *See United States v. Evans*, 883 F.3d 1154, 1162-64 (9th Cir. 2018); *see also United States v. Watson*, 582 F.3d 974 (9th Cir. 2009) (an

17-50085

appeal waiver does not bar a constitutional challenge to a supervised release condition). We remand for the district court to modify these conditions consistent with our opinion in *Evans*.

Counsel's motion to withdraw is **GRANTED.**

**AFFIRMED in part; DISMISSED in part; REMANDED with instructions.**